IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROB JEFFREYS, STEVE MEEKS,<br>DAVID MITCHEL, CHRISTINA<br>BROWN, PERCY MYERS,<br>BOB BLUM, and WEXFORD HEALTH<br>SOURCES, INC.,<br><br>    Defendants. | Case No. 24-cv-00559-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for violations of the Americans with Disabilities Act and the Rehabilitation Act and for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] He claims that since his arrival at Pinckneyville Correctional Center in 2021, Defendants have been deliberately indifferent to his medical conditions – arthritis, bone degeneration, and herniated disc – by refusing to issue him a medical permit for a bottom bunk bed (low bunk permit) and to properly treat his pain. Along with the Complaint, Plaintiff filed a motion for a preliminary injunction and temporary restraining order (TRO), which is now before the Court. (Doc. 6). For the following reasons, the motion is **DENIED.**

**MOTION FOR PRELIMINARY INJUNCTION AND TRO**

In the motion and the Complaint, Plaintiff alleges that he was diagnosed with arthritis

---

[1] The Complaint has not been reviewed pursuant to 28 U.S.C. §1915A.

around ten years ago. (Doc. 1-1, p. 55). His condition impacts his back, hips, knees, and shoulders, making it painful for him to move. Plaintiff also states that he suffers from bone degeneration and a herniated disc. While at Lawrence Correctional Center (Lawrence), medical staff attempted to treat his conditions with "several pain medications found to [be] inefficous[sic], including the medication Voltaren." Eventually, Plaintiff was treated effectively with Tylenol 3 and given a low bunk permit. (*Id.*). Plaintiff asserts that he also needs a low bunk permit because his blood pressure and diabetes medications cause dizziness, orthostatic-hypotension, and fainting. (*Id.* at p. 64).

Plaintiff was transferred from Lawrence to Pinckneyville Correctional Center (Pinckneyville) on July 29, 2021. (Doc. 1-1, p. 55; Doc. 6, p. 3). After his transfer, Dr. Myers disregarded Plaintiff's treatment plan from Lawrence, refusing to issue him a low bunk permit and prescribe him Tylenol 3 for his pain. (Doc. 6, p. 3). From 2021 through March 2023, Plaintiff continued to complain to various medical staff members and IDOC officials about his need for a low bunk permit and that the medication prescribed to him was not alleviating his pain. During this time, he fell while climbing in and out of his top bunk bed five times, injuring his tooth, head, shoulder, and elbow. (Doc. 1-1, p. 55-62; Doc. 6, p. 5).

On June 6, 2023, Plaintiff visited a specialist for his sleep apnea, and Plaintiff received a CPAP machine around the end of June or early July. (Doc. 6, p. 38). Plaintiff was issued a low bunk permit because of his CPAP machine on August 28, 2023. (*Id.*). The permit will expire August 23, 2024. (*Id.*).

In the motion for a preliminary injunction and a TRO, Plaintiff asks the Court to order that: (1) he be issued a low bunk permit for the duration of this lawsuit; (2) Defendants are prohibited from denying him a low bunk permit and from moving him from housing unit 1-A, cell 61 – which is close to the health care unit; and (3) Defendants are prohibited from engaging in retaliation

against Plaintiff for filing this lawsuit and motion for a preliminary injunction a TRO. He argues that even though he currently has a low bunk permit, his motion is not moot because the permit was issued for his sleep apnea, not for his arthritis, bone degeneration, herniated disc, and side effects from his other prescriptions. (Doc. 6, p. 7). Plaintiff further asserts that it is "highly probably" that the medical staff will confiscate the CPAP machine making his low bunk permit invalid. If this happens, he will most likely be celled with an inmate with a low bunk permit, assigned to a top bunk, and continue to suffer irreparable harm by falling when climbing in and out of the top bunk. (*Id.*).

To support his contention that his CPAP machine could be confiscated at any time, he provides an affidavit from fellow inmate Frank Zepeda. (Doc. 6, p. 12). Zepeda states that in July 2021, his CPAP machine was taken away for several months after he, Zepeda, tested positive for COVID-19. (*Id.*). Plaintiff also states that he was told by ADA Director Lankford that during the COVID-19 pandemic all CPAP machines were taken away from inmates. (*Id.* at p. 14).

## ANALYSIS

In order to obtain emergency injunctive relief, whether through a TRO or a preliminary injunction, a plaintiff must show that:

> (1) his underlying claim has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction.

*Meritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014). All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Here, Plaintiff has failed to demonstrate that he will likely suffer irreparable harm without the issuance of emergency injunctive relief, and so, his motion must be denied.

As Plaintiff admits and the record shows, he currently has a low bunk permit that is not set

to expire until August 23, 2024. (Doc. 6, p. 10). While he is fearful that his CPAP machine could be confiscated and his permit revoked at any time, irreparable harm requires "more than a mere possibility of harm." *Orr v. Shicker,* 953 F. 3d 490, 502 (7th Cir. 2020) (internal citation omitted). As the Seventh Circuit has stated, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id. See also Mich. v. U.S. Army Corps of Eng'r,* 667 F. 3d 765, 788 (7th Cir. 2011) ("there must be more than a mere possibility that the harm will come to pass"). Plaintiff has not presented any evidence that his low bunk permit will be revoked prematurely or not renewed. At this stage, his fear of losing his permit is only speculation.

Likewise, as to Plaintiff's request for the Court to prohibit Defendants from retaliating against him and moving him to another cell, his pleadings and motion do not suggest that he will likely suffer harm without Court interference. He has not pointed to any threat of retaliation or actual retaliation he has suffered because of this litigation or otherwise. Nor has he asserted or provided any evidence that a cell transfer is imminent. As stated, the Court cannot grant this drastic form of relief based entirely upon the possibility of irreparable harm. For these reasons, the motion for preliminary injunction and TRO is **DENIED.**

### DISPOSITION

For the reasons set forth above, the Motion for Preliminary Injunction and TRO is **DENIED.** (Doc. 6).

**IT IS SO ORDERED.**

**DATED:   March 5, 2024**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**